DA 07-0760

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2009 MT 55N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

CHARLES JAY DEVLIN,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Twentieth Judicial District,
In and For the County of Lake, Cause No. DC-06-92
Honorable Deborah Kim Christopher, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            James B. Wheelis, Chief Appellate Defender; Tammy Hinderman, Legal
Intern; Helena, Montana

      For Appellee:

            Hon. Steve Bullock, Montana Attorney General; Mark W. Mattioli,
Assistant Attorney General; Helena, Montana

            Mitch Young, Lake County Attorney; Mark A. Russell, Deputy County
Attorney; Polson, Montana

Submitted on Briefs: January 14, 2009

Decided: February 24, 2009

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Following a jury trial in the Twentieth Judicial District Court, Lake County, Charles Jay Devlin ("Devlin") was convicted of kidnapping and obstructing a peace officer. Devlin appeals. We affirm in part and reverse and remand in part.

¶3 The issues on appeal are as follows:

¶4 1. Did the District Court abuse its discretion when it denied Devlin's motion to continue trial and for a change of venue?

¶5 2. Did the District Court err when it denied Devlin's motion to dismiss for insufficient evidence on the obstructing a peace officer charge?

¶6 3. Should the written judgment be corrected to reflect that Devlin's conviction for obstructing a peace officer is a misdemeanor and not a felony offense?

¶7 In May 2006, a resident of Woods Bay in Big Fork reported hearing a woman screaming for help. An officer subsequently noticed a van traveling at a low rate of speed down the highway. When the van was spotted by another officer, the van was reversing backwards up the highway into the entrance of Yellow Bay State Park. This officer stopped the vehicle and noticed that the driver, later identified as Devlin, smelled

2

of alcohol and that his zipper was down. When the officer asked Devlin about the smell of alcohol, Devlin stated that he had been in Big Fork with his wife, that she had too much to drink and that she was sleeping it off in the back of the van. The officer noticed a lump covered by a blanket in the back of the van. As the officer turned his attention back to Devlin, a young woman wearing only a bra jumped up from underneath the blanket, started screaming and pounding on the window of the van, opened the door, and ran out into the woods. The officer then handcuffed Devlin, placed him in his patrol vehicle, and called for backup. As the investigation continued, Devlin complained of chest pain and was taken by ambulance to the emergency room at St. Joseph's hospital for evaluation. Devlin was released approximately 30 minutes later.

¶8 Devlin was charged with kidnapping, driving under the influence of alcohol or drugs, failure to provide proof of liability insurance, and obstructing a peace officer. Devlin posted bond and was released from custody. Devlin's release was revoked after he failed to appear at an omnibus hearing on July 6, 2006. Devlin was subsequently charged with bail-jumping, which he pled guilty to pursuant to a plea agreement. The agreement was reached after Devlin conducted individual voir dire on one potential juror. A jury trial was held on the kidnapping, DUI, proof of insurance, and obstructing a peace officer charges on March 26, 2007. However, a mistrial was declared after the State's first witness testified that Devlin was on probation. Another trial was held on April 9 – 12, 2007. Following the second trial, the jury found Devlin guilty of kidnapping and obstructing a peace officer. Devlin challenges his convictions for kidnapping and obstruction in the present appeal.

3

¶9     Devlin alleges that the District Court erred by denying his motion for a change of venue. Devlin claims that he could not receive a fair and impartial trial in Lake County because of a series of media reports about the incident. In the present appeal, Devlin relies primarily on two newspaper articles published by the *Lake County Leader & Advertiser* prior to the selection of the jurors which Devlin claims resulted in "highly inflammatory and prejudicial" publicity. Devlin raised a similar challenge to the denial of his motion for a change of venue in a separate appeal on the bail-jumping charge which this Court decided in January 2009. *See State v. Devlin*, 2009 MT 18, 349 Mont. 67, __ P.3d __. We concluded, however, that the news reports were not inflammatory and that they did not actually inflame prejudice in the community. *Devlin*, ¶¶ 30, 34. Thus, we held that the District Court did not abuse its discretion when it denied Devlin's motion for a change of venue. *Devlin*, ¶ 36.

¶10    We reach a similar conclusion in this case. Under *State v. Pittman*, 2005 MT 70, ¶ 17, 326 Mont. 324, 109 P.3d 237, "[a] defendant seeking a change of venue due to prejudicial publicity must establish that the news reports were inflammatory and that they actually inflamed the prejudice of the community to an extent that a reasonable possibility exists that the defendant may not receive a fair trial." We agree with the State that the news articles were not sufficiently inflammatory and that there is no evidence that the publicity actually inflamed the prejudice of the community. Devlin had the opportunity to conduct individual voir dire on a number of the potential panelists. In that process the District Court excused several panelists who stated that they had limited knowledge of the case from the media reports. None of these individuals, however,

4

expressed a fixed opinion or bias towards Devlin. Other panelists who expressed knowledge about Devlin's probationary status were also excused. As noted by the State, "Devlin was not facing the kind of actual community prejudice that would have mandated a change of venue." We conclude that the District Court did not abuse its discretion when it denied Devlin's motion for a change of venue.

¶11 Devlin also alleges on appeal that the District Court erred by denying his motion to dismiss for insufficient evidence on the obstruction charge. Devlin claims that the State failed provide evidence from which a rational trier of fact could conclude that Devlin actually impeded or impaired the officers' investigation. Specifically, Devlin claims that the State failed to offer evidence at trial that Devlin faked an emergency medical condition which impeded the investigation. The State counters by arguing that it was reasonable for jurors to infer that Devlin's concealment of the victim's identity "knowingly obstructed, hindered, or impaired a lawful investigation."

¶12 A person commits the offense of obstructing a peace officer if the person "knowingly obstructs, impairs, or hinders the enforcement of the criminal law, the preservation of the peace, or the performance of a governmental function, including service of process." Section 45-7-302, MCA. It is undisputed that Devlin told the officer that his wife had too much to drink and that she was sleeping it off in the back of his van. While Devlin contends that this deliberate falsification did not disturb or delay the officers' investigation, it is reasonable to conclude that Devlin made these statements in an effort to mislead the officer and hinder the investigation. Moreover, as we have repeatedly stated, jurors are the fact finders or triers of fact, and it is the jury's

5

responsibility to weigh the evidence and determine the credibility of the witnesses. *See State v. Baker*, 2004 MT 393, ¶ 22, 325 Mont. 229, 104 P.3d 491. We conclude that evidence Devlin lied to police officers about the identity of the woman in the back of his van is sufficient to support his conviction for obstruction; thus, we need not address the credibility of Devlin's claim of medical emergency.

¶13 We affirm the District Court's denial of Devlin's motion for a change of venue and his motion to dismiss for insufficient evidence. However, recognizing that a charge of obstructing a peace officer is a misdemeanor instead of a felony, we reverse and remand to the District Court for the limited purpose of correcting the written judgment. We have decided to determine this case pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the record before us that the District Court did not err in the disposition of this matter.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ JOHN WARNER
/S/ JIM RICE
/S/ BRIAN MORRIS